IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

KATHLEEN HAMILTON, individually,
and as Administrator and Personal
Representative of the Estate of
ROBERT HAMILTON, deceased,

          Plaintiff,

v.

BOAR'S HEAD PROVISIONS CO., INC.,

          Defendant.

---

Case No. 1:24-cv-07184

**ATTORNEY"S AFFIRMATION IN SUPPORT OF PETITION TO APPROVE SETTLEMENT**

William D. Marler, an attorney at law duly admitted *pro hac vice* in this matter, hereby affirms the following under the penalties of perjury:

1. I am the President of the law firm of Marler Clark, Inc., PS, attorneys for Plaintiff KATHLEEN HAMILTON, individually, and as Administrator and Personal Representative of the Estate of ROBERT HAMILTON, deceased, ("Plaintiff") in this action and SUZANNE GARDNER as Trustee of the Irrevocable Trust of ROBERT HAMILTON and KATHLEEN HAMILTON, as such, I am familiar with the facts and circumstances pertaining to this action, and the pleadings and proceedings herein.

2. I respectfully submit this Affirmation to supplement and support the Joint Petition for Approval of Settlement, and to provide the Court with additional background facts and detail regarding the claims to be settled.

3. This action for conscious pain and suffering, loss of consortium and wrongful death, among other things, was brought following the death of Plaintiff's husband having consumed a food product contaminated with *Listeria* manufactured by the Defendant.

4. Our office, along with local New York counsel Heisman Nunes & Hull LLP, engaged in extensive investigation and other litigation efforts throughout the prosecution of this

case, including, inter alia: (1) researching and drafting the initial complaints in the litigation; (2) researching the applicable law with respect to the claims in the litigation and the potential defenses thereto; (3) engaging doctors, epidemiologists, and scientific experts regarding the causal link between exposure to Defendant's food product and Plaintiffs' Decedent ROBERT HAMILTON physical injuries and death; (4) communicating with the surviving spouse KATHLEEN HAMILTON regarding her suffering and the status of the litigation; (5) engaging in significant fact investigation and discovery, and the disclosure of Plaintiff's Decedent's medical records; (6) engaging in extensive settlement discussions; and (7) participating in professional-assisted mediation. As part of our prosecution of this case we prepared a detailed description of the claim which is attached as **Exhibit 1**. It is the product of the above- referenced investigation and research conducted by Plaintiff's counsel and retained experts.

5. As described in the Joint Petition For Approval Of Wrongful Death Settlement, Plaintiff's claims have been settled, subject to this Court's approval, at an amount that is appropriate given the general risks of litigation.

6. My law practice is limited exclusively to handling food-borne illness cases. I humbly ask the court to take judicial notice of my thirty-two years of experience in handling food-borne illness cases throughout the United States. (See www.MarlerClark.com.) During this time I have worked many times with local New York counsel Heisman Nunes & Hull LLP on foodborne and waterborne illness cases, together having represented 1000s of New York State claimants. Based on my experience, I believe that the settlement, which was negotiated at arn's length, is fair and reasonable and solidly within the range of settlement values in cases of this type. Moreover, there is no assurance that Plaintiff would obtain a verdict in excess of the settlement offer. KATHLEEN HAMILTON and the Estate of ROBERT HAMILTON risk the possibility of obtaining a verdict which would be less than the offer, should this case proceed to trial.

7. Further, based on the above facts and circumstances, I also ask that the proceeds of the settlement be allocated evenly between the Plaintiff KATHLEEN HAMILTON, individually, for her loss of consortium claim and the Estate of ROBERT HAMILTON, deceased, for the wrongful death claim, as those monies will be deposited into the Irrevocable Trust of ROBERT HAMILTON and KATHLEEN HAMILTON, administered by SUZANNE GARDNER as Trustee. Both KATHLEEN HAMILTON, individually and SUZANNE GARDNER as Trustee, agree to and support this allocation.

8. KATHLEEN HAMILTON's affidavit in support of this application is attached as *Exhibit 2.*

9. SUZANNE GARDNER's affidavit in support of this application is attached as *Exibit 3.*

9. Accordingly, Plaintiff asks this Court's approval of this settlement and the proposed allocation as fair and reasonable, and supported by applicable principles of law and equity.

10. At the same time, Plaintiff asks that this application be kept under seal to protect the interests of the Plaintiff, a grieving widow with no children. Counsel expects that the public disclosure of the details of the settlement of this action will attract the unwanted attention from those who may wish to take financial advantage of the Plaintiff, particularly fraudsters. Keeping the details of this settlement under seal would do much to alleviate this situation.

SO, AFFIRMED on the 26th day of March, 2025.

Respectfully submitted,

/s/ William D. Marler
William D. Marler, Esq.
MARLER CLARK, INC. P.S.
180 Olympic Drive S.E.
Bainbridge Island, WA 98110
Telephone: (206) 346-1888
bmarler@marlerclark.com
*Attorneys for Plaintiff*