```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
KATHLEEN HAMILTON,

                Plaintiff,                  MEMORANDUM & ORDER
                                             ON MOTION TO SEAL
     -against-                              24-CV-7184 (JS) (ARL)

BOAR'S HEAD PROVISIONS CO., INC.,

                Defendant.
----------------------------------X
APPEARANCES

For Plaintiff:         Paul V. Nunes, Esq.
                       Heisman Nunes & Hull LLP
                       1630 Empire Boulevard, Suite 3B
                       Webster, New York 14580

                       William Marler, Esq.
                       Marler Clark, Inc. PS
                       180 Olympic Drive S.E.
                       Bainbridge Island, Washington 98110

For Defendant:         Martin S. Hyman, Esq.
                       Matthew C. Daly, Esq.
                       Golenbock Eiseman Assor Bell & Peskoe
                       711 Third Avenue
                       New York, New York 10017
```

SEYBERT, District Judge:

Presently before the Court is Joint Motion to Seal (hereafter, "Motion to Seal") (ECF No. 30) by Plaintiff Kathleen Hamilton, individually, and as Administrator and Personal Representative of the Estate of Robert Hamilton, (hereafter, "Plaintiff") and Defendant Boar's Head Provisions Co., Inc., (hereafter, "Defendant") seeking to seal the entirety of their Joint Petition for Approval of Settlement. For the reasons

1

articulated herein, the Motion to Seal is DENIED and the parties are directed to submit redactions in accordance with this Order, if any, for the Court's approval by May 6, 2025.

I. Legal Standard

"The common law right of public access to judicial documents is firmly rooted in our nation's history." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). Such right and presumption of public access is "based on the need for federal courts, although independent . . . to have a measure of accountability and for the public to have confidence in the administration of justice." Id. (quoting United States v. Amodeo, 71 F.3d 1044, 104 (2d Cir. 1995)). "Before any such common law right can attach, however, a court must first conclude that the documents at issue are indeed 'judicial documents.'" Id. A document is a "judicial" document if it would "reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers," notwithstanding the court's ultimate decision or whether such decision was influenced by the document. Halwani v. Brightside Health, Inc., No. 23-CV-3686, 2024 WL 4132369, at *1 (E.D.N.Y. Sept. 10, 2024).

A settlement agreement submitted for court approval is indisputably a judicial document entitled to the presumption of public access. See Jones v. Smith, 319 F. Supp. 3d 619, 624

2

(E.D.N.Y. 2018). Documents submitted in support of the parties' motion for approval of a settlement agreement are also judicial documents because they are "relevant to the performance of the judicial function and useful in the judicial process." Farris v. Avon Prods., Inc., No. 23-CV-2023, 2024 WL 4441811, at *2 (S.D.N.Y. Oct. 7, 2024) (citing Lugosch, 435 F.3d at 119). Indeed, there is a "strong" presumption of access to wrongful death settlement agreements and other documents submitted to the court in support of such agreements because the documents "play[] a central role in the Court's adjudication of the [settlement] motion." Id. at *3.

The right to public access of judicial document is, however, not absolute, and may be overcome by a motion to seal showing "countervailing 'substantial interests' outweigh the presumption" of access. Posada v. E. Coast Cap., No. 23-CV-1579, 2024 WL 4728633, at *1 (E.D.N.Y. Nov. 8, 2024). Motions to seal "must be 'carefully and skeptically reviewed to ensure that there really is an extraordinary circumstance or compelling need' to seal the documents from public inspection." Id. (quoting Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 165 (2d Cir. 2015)) (further citations omitted). The party or parties seeking to seal documents bear the burden of showing such sealing is warranted. DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 826 (2d Cir. 1997). In determining whether a movant has met its burden, courts engage in a three-part analysis evaluating:

3

(1) whether the documents at issue are "judicial documents"; (2) the weight of the presumption, "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts"; and (3) the balancing of "competing considerations," such as the "danger of impairing law enforcement or judicial efficiency" and the "privacy interests of those resisting disclosure." Lugosch, 435 F.3d at 119 (quoting Amodeo, 71 F.3d at 1050).

II. Analysis

The parties jointly request the Court seal the entirety of their Joint Petition for Settlement Approval, including the settlement agreement itself and all supporting documents (hereafter, the "Petition").[1] They assert the Petition "clearly represent[s] judicial documents and court records as they are required filings [submitted] in connection with an application for judicial approval of the settlement of claims sustained by a decedent." (Motion to Seal at 2.) Notwithstanding the parties' admission that the Petition constitutes a judicial document, they request the Petition be sealed for two reasons. First: "[V]irtually every document" in the Petition "contains highly

---

[1] Reference to the "Petition" shall be a reference to all documents filed at ECF Nos. 30 and 31.

sensitive personal information about the deceased, including 'medical records with significant privacy interests' and the deceased's accounts that will ultimately contain settlement proceeds" which must be sealed. (Id.) Second: The Petition should be sealed because "the family of the decedent has expressed a strong desire to avoid any public-facing exposure of their personal tragedy" and public disclosure of the death and settlement would be burdensome on the family. (Id.) Upon review of the parties' Petition, the Court finds the parties have not overcome the presumption of public access to the judicial documents at hand. Accordingly, the Motion to Seal is DENIED.

As the parties correctly aver, the Petition is undoubtably a "judicial document" entitled to the presumption of public access. Jones, 319 F. Supp. at 624. The weight of such presumption, with respect to the instant Petition, is strong, because the Petition itself provides the basis upon which the Court is to determine whether the settlement is fair and reasonable. See, e.g., Halwani, 2024 WL 4132369, at *2 (finding "strong" presumption of public access to a sworn affirmation submitted in support of a proposed settlement because it "contextualize[d] the parties' respective litigation risks and thus the reasonableness of their settlement"); Farris v. Avon Prods., Inc., No. 23-CV-02023, 2024 WL 4441811, at *3 (S.D.N.Y. Oct. 7, 2024) (finding names of parties, settlement amounts and related

5

distributions in a proposed wrongful death settlement were entitled to a "strong" presumption of public access because evaluation of such documents is necessary to determine whether the amounts were "fair, reasonable, and adequate"). Moreover, this case, and the resolution of the case via the Petition, is one that is "naturally . . . of legitimate interest to the public" because it seeks to hold Defendant, a provider of a variety of food products, including deli meats, to customers across the United States, accountable for a severe outbreak of Listeria, which, according to the Complaint, hospitalized a total of 59 people from 19 different states, and resulted in 10 deaths. See Bernstein, 814 F.3d at 143; (see also Compl., ECF No. 1, at 2-4). Further, the case and Petition are of interest to other "federal courts" who may "in the future" rely upon it to determine whether other settlements reached in like cases are fair and reasonable. Id. The importance of this Petition and this case necessitates a finding that the presumption of public access to the Petition is "strong".

Having determined the Petition is comprised entirely of judicial documents, which are entitled to a "strong" presumption of public access, the Court turns to whether the parties have raised any competing considerations which would overcome the strong presumption of public access. The Court concludes the parties have not. First, while they contend "virtually every

document" in the Petition "contains highly sensitive personal information about the deceased, including 'medical records with significant privacy interests' and the deceased's accounts that will ultimately contain settlement proceeds," the parties have not identified any specific portions of the Petition containing such information; nor have they cited any case law suggesting such information should be sealed. To the contrary, upon review of the Petition, the Court has not found any specific bank account information or personally identifiable information, such as social security numbers, dates of birth, or home addresses which require shielding from the public.[2] Moreover, while the Court sympathizes with Plaintiff and understands Plaintiff's desire to keep the settlement amount private, Plaintiff's interest in privacy is insufficient to rebut the strong presumption of public access here. See Bouzzi v. F & J Pine Rest., LLC, 841 F. Supp. 2d 635, 640 (E.D.N.Y. 2012) ("[A] party's 'mere interest in maintaining the privacy of the terms of settlement does not constitute a countervailing interest sufficient to rebut the presumption of

---

[2] To the extent the Petition does contain any of the parties' social security numbers, dates of birth, home addresses, or bank account information, by no later than May 6, 2025, the parties shall submit to the Court: (1) a cover letter explaining exactly where such information is present in the documents; and (2) proposed redactions which remove any references to such information. If no submission is received by the Court by May 6, 2025, the entire Petition will be unsealed in accordance with this Order.

7

public access to judicial records[.]'") (citation omitted). Rather, public disclosure is necessary in cases like the one at hand where the Court is required to assess the reasonableness of the settlement and fee allocations, because such reasonableness "cannot be properly understood without the disclosure" of such information. Leslie v. Met Pro Techs., LLC, No. 16-CV-1428, 2019 WL 5783534, at *4 (N.D.N.Y. Mar. 1, 2019), report and recommendation adopted, 2019 WL 5783518 (N.D.N.Y. Mar. 26, 2019). Indeed, it would be nearly impossible for a court to assess the "reasonableness" of a settlement, including the reasonableness of attorneys' fees, without public access to other like settlements. For these reasons, the Court finds the parties have not met their burden of showing the strong presumption of public access to the Petition has been overcome.

III. Conclusion

In light of the foregoing, IT IS HEREBY ORDERED:

A. The Motion to Seal (ECF No. 30) is DENIED in its entirety;
B. To the extent redactions of the Petition are required in accordance with footnote two, such proposed redactions shall be submitted to the Court no later than May 6, 2025;
C. If no submission is received by May 6, 2025, all documents filed at ECF Nos. 30 and 31 will be UNSEALED on May 7, 2025.

IT IS FURTHER ORDERED, upon careful review of the parties' proposed settlement and all documents submitted in support of such settlement (ECF Nos. 31-1 to 31-7), the Court finds the settlement, including the attorney fee allocations, to be both "fair and reasonable," see Cai v. Cream-O-Land Dairies, LLC, No. 20-CV-1053, 2021 WL 7210785, at *2 (E.D.N.Y. Jan. 25, 2021), and accordingly GRANTS the parties' Joint Petition for Approval of Wrongful Death Settlement (ECF No. 31-2).  The Order Approving Settlement will be docketed separately on May 7, 2025.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April 28, 2025
       Central Islip, New York